**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 27, 2009

Charles R. Fulbruge III
Clerk

No. 08-10074
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

DOUGLAS JAMES MEYERS,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CR-219-1

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Douglas James Meyers was charged in a superseding indictment with three counts of production of child pornography and aiding and abetting the same, one count of possession of child pornography, and one forfeiture count. Meyers pleaded guilty to the superseding indictment without a plea agreement.

Meyers's presentence report (PSR) recommended a Guidelines range of imprisonment of 180 to 210 months, but it noted that an upward departure was potentially warranted under U.S.S.G. § 5K2.3 due to the extreme psychological

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

impact of the offense on the victim. Meyers objected to the upward departure recommendation. The district court found that the upward departure was warranted and sentenced Meyers to 300 months of imprisonment and supervised release for life.

Meyers argues that the district court erred in upwardly departing under § 5K2.3 because the severe psychological effect on the victim was the fault of his codefendant's participation in the offense conduct. Meyers's codefendant is the twenty-year-old cousin of the thirteen-year-old victim.

We review a district court's findings of fact for clear error and its interpretation of the Sentencing Guidelines de novo. *United States v. Mauskar*, 557 F.3d 219, 232 (5th Cir. 2009). Psychological damage is sufficiently severe for the upward departure to apply when "there exists (1) a substantial impairment of the intellectual, psychological, emotional, or behavioral functioning of a victim, (2) which is of an extended or continuous duration, and (3) which manifests itself by physical or psychological symptoms or by changes in behavior patterns." *United States v. Hefferon*, 314 F.3d 211, 228 (5th Cir. 2002) (quoting *United States v. Anderson*, 5 F.3d 795, 804 (5th Cir. 1993)).

Meyers concedes that the psychological damage to the victim was "severe." Based on the uncontested facts contained in the PSR, the testimony of the victim's grandmother, and the testimony of the guardian ad litem that the victim attempted suicide, suffered from post-traumatic stress disorder, had been hospitalized and put into rehabilitation, suffered nightmares, would likely need to repeat a grade of school after previously being an honor student, and was expected to need further in-patient therapy, it was not clearly erroneous for the district court to determine that the conditions for the upward departure had been met. *See id.*

Meyers also argues that his sentence is unreasonable because his codefendant was sentenced to only 180 months of imprisonment after she entered into a plea agreement with the Government in which she agreed to

cooperate fully and to waive her right to appeal directly or collaterally attack her conviction and sentence. Meyers argues that his sentence constitutes an unwarranted sentencing disparity under 18 U.S.C. § 3553(a)(6). In reviewing a sentence, we "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 128 S. Ct. 586, 597 (2007).

The Government argued at sentencing that Meyers's bragging about the offense to the victim's boyfriend and his previous possession of child erotica distinguish his conduct from his codefendant's. The victim's grandmother, who is also the codefendant's aunt, characterized Meyers as a "45-year-old seasoned pervert" and his codefendant as a "20-year-old, drugged-up victim." The district court agreed that the codefendant was in many respects a victim in this case. The totality of the circumstances, considered in light of the § 3553(a) factors, supports the sentence the district court imposed. *See id*. Meyers is essentially asking this court to reweigh the § 3553(a) factors, which we may not do. *See id*. He has not demonstrated that his sentence amounts to an abuse of discretion by the district court.

AFFIRMED.